549 So.2d 917 (1989)
Beverly F. FONTENOT, Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellee.
No. 88-486.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
*918 J. Wendel Fusilier, Ville Platte, for plaintiff-appellant.
Guglielmo, Lopez & Tuttle, Gina B. Tuttle, Opelousas, for defendant-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
This worker's compensation suit was brought by plaintiff, Beverly Fontenot, against Fireman's Fund Insurance Company (Fireman's Fund), the worker's compensation carrier for plaintiff's employer, demanding reimbursement for a certain medical bill which had been paid by plaintiff. The trial court rendered judgment in favor of Fireman's Fund, rejecting plaintiff's demand. From this adverse judgment plaintiff has appealed. We affirm.
Plaintiff asserts that she was injured in October of 1985 and re-injured in December of 1986 during the course and scope of her employment with Cato Corporation. Pursuant to a claim made by plaintiff, Fireman's Fund has paid worker's compensation benefits to plaintiff and has paid all of her medical expenses, with the exception of one medical bill for $180.00 incurred by plaintiff when she was examined by Dr. John Jackson.
After her first injury, plaintiff was treated by Dr. Keith Quebedeaux, a chiropractor. Plaintiff was then treated by Dr. Goldware, a neurosurgeon whom plaintiff chose to see. After treating plaintiff for some time, Dr. Goldware released plaintiff to return to her job. Plaintiff resumed work and was re-injured. Plaintiff was again treated by Dr. Quebedeaux. Plaintiff was then treated by Dr. DeAraujo, a neurosurgeon who was an associate of Dr. Goldware. Plaintiff made the choice to see Dr. DeAraujo. After concluding that plaintiff's low back problem was muscular-skeletal rather than neurosurgical in nature, Dr. DeAraujo referred plaintiff to Dr. Anesman, a specialist in physical medicine and rehabilitation. Plaintiff voluntarily chose to be treated by Dr. Anesman. Dr. Anesman treated plaintiff with physical therapy and medication for some time. Plaintiff testified at trial that she continued to experience pain despite this treatment. Plaintiff stated that she asked Dr. Anesman to refer her to Dr. John Jackson, another neurosurgeon, and he refused to do so.
Plaintiff testified that after Dr. Anesman's refusal, she consulted Dr. Wayne LaHaye, her family physician, and asked him to refer her to Dr. Jackson. Dr. LaHaye agreed to schedule an appointment for her with Dr. Jackson.
Plaintiff then phoned Ms. Stephanie Walker, the adjuster for Fireman's Fund who was handling plaintiff's claim. Plaintiff told Ms. Walker that she was unhappy with Dr. Anesman's treatment and that she wanted to see Dr. Jackson. Ms. Walker testified that she reminded plaintiff that Dr. DeAraujo had concluded that her problem was muscular-skeletal rather than a neurosurgical one and suggested that she see an orthopedic surgeon. Plaintiff agreed to see an orthopedic surgeon and Ms. Walker suggested Dr. A.B. Flick. Plaintiff agreed to see Dr. Flick and Ms. Walker informed her that Fireman's Fund would pay for her visit to Dr. Flick. Plaintiff was subsequently examined by Dr. Flick.
Approximately one month after the phone call mentioned above, Ms. Walker received a phone call from Dr. Jackson's office informing her that plaintiff was there for an examination and asking if *919 Fireman's Fund would pay for it. Ms. Walker asked to speak to plaintiff and explained to her that since she (plaintiff) had already selected two neurosurgeons, Fireman's Fund or the Worker's Compensation Office would select any other neurosurgeon to be consulted. Ms. Walker then informed plaintiff that Fireman's Fund would not pay for her visit to Dr. Jackson. Plaintiff was examined by Dr. Jackson and paid the bill of $180.00 for the examination. Plaintiff then filed this suit on December 11, 1987.
Trial of this matter was held on January 25, 1988. The parties stipulated that the only issue was whether Fireman's Fund was obligated to pay the expenses incurred by plaintiff in connection with her visit to Dr. Jackson. In connection with this issue, the question of whether or not Fireman's Fund's refusal to pay these expenses was arbitrary and capricious, so as to entitle plaintiff to attorney's fees, was also before the trial court.
The trial court rendered judgment in favor of Fireman's Fund, rejecting plaintiff's demands for payment of expenses incurred as a result of Dr. Jackson's examination of her and for attorney's fees. From this judgment plaintiff now appeals.
On appeal, plaintiff asserts that the trial court erred in rejecting her demands because plaintiff complied with LSA-R.S. 23:1121(B) such that, Fireman's Fund "violated Ms. Fontenot's right to see a physician of her own choosing" and because Fireman's Fund "did not voluntarily furnish Ms. Fontenot with all necessary medical sources as required by LSA-R.S. 23:1203." Plaintiff also asserts that Fireman's Fund "was arbitrary and capricious in failing to pay for Dr. Jackson's bill," thus entitling plaintiff to reasonable attorney's fees related to this dispute.
At the time plaintiff's worker's compensation claim arose, LSA-R.S. 23:1121 provided in pertinent part as follows:
B. The employee shall have the right to select one treating physician in any field or specialty. After his initial choice the employee shall obtain prior consent from the employer or his worker's compensation carrier for a change of treating physician within that same field or specialty....
C. If the employer or insurer has not consented to the employee's request to change physicians when such consent is required by this Section, and it is determined by a court having jurisdiction that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee for reasonable attorney's fees related to this dispute and for any medical expense so incurred by him for an aggravation of the employee's condition resulting from the withholding of such physician's services.
In the instant case, plaintiff selected Dr. DeAraujo as her treating physician in the field of neurosurgery. Dr. DeAraujo concluded that plaintiff's problem was not neurosurgical in nature. Under the provisions of LSA-R.S. 1121(B) quoted above, plaintiff was then required to obtain prior consent from her employer or Fireman's Fund before seeing Dr. Jackson, who is also a neurosurgeon. Plaintiff never asked her employer for such consent. Plaintiff did request such consent from Fireman's Fund and it was denied. Plaintiff then filed this suit, which essentially involves the question of whether or not Fireman's Fund's withholding of consent was "arbitrary and capricious, or without probable cause," as provided in LSA-R.S. 1121(C). Although the judgment of the trial court refers to "reasons this day orally assigned," no such reasons are found in the record. However, in rejecting plaintiff's demands, the trial court obviously found that the withholding of consent was not arbitrary and capricious and was not without probable cause. We have carefully reviewed the record and find no error of law or manifest error in this finding of fact made by the trial court.
At the time plaintiff's worker's compensation claim arose, LSA-R.S. 23:1203 provided in pertinent part as follows:
§ 1203. Duty to furnish medical expenses; prosthetic devices; other expenses
*920 A. In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical, and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such services and treatment shall be performed at facilities within the state when available.
In rejecting plaintiff's demands the trial court obviously concluded that the examination of plaintiff by Dr. Jackson was not necessary medical treatment. After a careful review of the record, we cannot say that this conclusion was manifestly erroneous.
Additionally, at the time plaintiff's worker's compensation claim arose, LSA-R.S. 23:1142 provided that fees for doctors must be reasonable and related to the employee's injury, and shall not be enforceable unless agreed to by all parties concerned, approved by the director, or approved by the court. In the present case the fee for Dr. Jackson's services was never agreed to by the parties, nor was it approved by the director or the court. Therefore, Fireman's Fund was under no obligation to pay for Dr. Jackson's services.
Prior to trial of this matter the Office of Worker's Compensation issued a recommendation stating that Fireman's Fund was under no obligation to pay for Dr. Jackson's services. A copy of this recommendation was introduced into evidence, over plaintiff's objection, strictly on the issue of attorney's fees and the reasonableness of Fireman's Fund's refusal to pay for Dr. Jackson's services. Plaintiff cites LSA-R.S. 23:1310.1, which states that when such a recommendation is admitted into evidence it shall not be accorded any presumption of correctness as to the facts or the law. Plaintiff then states that she "believes the Court took the recommendation as per se and therefore dismissed her claim." We have reviewed the record and find no basis for such a belief on the part of plaintiff.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.